IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EARL BATES, #43349**                                                                                       **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:08cv203-LRA**

**CHRISTOPHER EPPS AND**
**GT ENTERPRISES OF MS, INC.**                                       **DEFENDANTS**

## **MEMORANDUM OPINION AND ORDER**

### **I. Procedural Background**

This cause is before the Court upon Defendant Christopher Epps' Motion to Dismiss or in the Alternative, for Summary Judgment, document 45. Earl Bates [hereinafter "Plaintiff"], *pro se,* gave sworn testimony at an omnibus hearing which is being considered by the Court in response to the motion filed by Defendant Epps, along with his responsive pleading, document 48. The Court has also considered the allegations in the Complaint, as augmented by Plaintiff's testimony, against Defendant GT Enterprises of MS, Inc., to determine if Plaintiff's claims against it are frivolous or fail to state a claim upon which relief may be granted under 42 U.S.C. § 1915. Plaintiff named American Correctional Association as a Defendant, but it was dismissed by Order filed March 13, 2009, document 40.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties [docket entry number 38] and by Order [docket entry number 39] entered by Chief District Judge Henry T. Wingate.

## II.  Facts Alleged by the Parties

Plaintiff's sworn Complaint is quoted as follows:

### Statement of Claim

> (1) Christopher Epps, MDOC Commissioner, responsible for personal injuries and damages plaintiff has sustained. Violations of medical negligent. Violations of constitutional rights the first and eighth amendments. [*sic*]
>
> (2) ACA Standards. Violating these 505 tax exempt status. Defendants violate all standards under their accreditation on smoking, administrative remedy program, access to courts, access to the law library and illegal mail procedures or legal mail. Violations of constitutional rights the first and eighth amendment. [*sic*]
>
> (3) GT Enterprise, a vender of MDOC. Violates all laws that protect plaintiffs health in regards to smoking in housing units.

### Relief

> Plaintiff pray for an emergency stop all smoking in inmate housing unit. $500,000 for actual damages. $5,000,000 for punitive damages. And all costs of this litigation to go to Defendants.

Plaintiff testified under oath at the omnibus hearing, amplifying the allegations of his Complaint. He explained his case against these Defendants as follows.

Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections in the South Mississippi Correctional Institution ["SMCI"] in Leakesville, Mississippi. He is serving a life sentence, plus forty years, with no parole, for murder and aggravated assault. Plaintiff testified that he has a criminal case pending, and it is difficult to get to the library at SMCI. The mail system at SMCI is not easily

accessible, as an inmate must use the library in order to mail legal papers and to make copies. Plaintiff was convicted in 1995 and was represented by counsel. He did not appeal his conviction at that time but has been trying to file appeals thereafter without the assistance of an attorney. He has filed a habeas case, and it has been denied. He charges that the two ladies in the legal assistance office look up cases for you, but they are not experienced enough and are not very helpful. Plaintiff has not missed a specific deadline regarding his appeal. Plaintiff also contends that the ARP system is not helpful; he never get the results he desires when he files an ARP. He admits that he has never filed an ARP regarding his complaints of secondhand smoke exposure.

Plaintiff also charges that the medical care he gets is inadequate. He has had a callous on the bottom of his feet since 1973. He had it cut off while at SMCI. The medical people tried to pull the skin together and close up the hole with stitches instead of packing it. They sent him back to the zone in a pair of boots with no antibiotics; only gauze and tape were placed on his wound. He "fell out" on the zone and could not walk; he went eleven days before he was given any crutches. He was sent back to the handicapped zone, which is full of prisoners with AIDS, hepatitis, TB, and staph. His foot became infected. Because they would not give him a top bunk, and he could not climb, he had to sleep on the floor for two months.

Plaintiff contends that the medical department got scared after his foot became infected. Eleven days after the surgery, they gave him antibiotics and pain pills. He recovered from the infection after being given the medication. He will not go back to

the medical unit because he is afraid to be treated there; he is not alleging any misconduct, though.

Plaintiff also complains that prisoners smoke on the zone where he is housed. They are not supposed to but they do smoke inside the building. The warden has put a sign up telling inmates not to smoke, but they still buy tobacco and they still smoke. His cellmate smokes and drops ashes on his bed. Plaintiff does not contend that he has any medical problems due to the secondhand smoke.

Plaintiff also contends that the kitchen at SMCI is dirty and unsanitary. Sewage gets stopped up, and the sewage water comes up out of the floors. The living conditions are unsanitary.

Plaintiff contends that he has sued Christopher Epps for these issues because "he's responsible for all this." He is over the prison and is supposed to enforce the law and the rules.

Plaintiff stated that he has sued GT Enterprises of Mississippi because they run the canteen at SMCI. They sell cigarettes to the prisoners and are responsible for the secondhand smoke. He has ordered items from the canteen, and the wrong items are delivered. Yet, he has to keep the wrong items or pay $5 to send the order back. These are the only claims Plaintiff articulated against GT Enterprises.

### III. Summary Judgment Standard

The movant contends that he is entitled to a judgment as a matter of law in this case pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Epps charges that Summary Judgment is appropriate because there is no genuine issue as

to any material fact in this case, and Plaintiff has failed to establish constitutional violations under the facts as stated. Defendant Epps also contends that he is entitled to qualified immunity from civil liability.

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law. FED. R. CIV. P. 56( C ). All of the undisputed facts, and any inferences that may be drawn from those facts, "must be viewed in the light most favorable to the non-moving party," who is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorable to him." Miller v. Leathers, 913 F.2d 1085, 1086 (4th Cir. 1990), quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of **material** fact exists.

## IV. Analysis of the Applicable Law

### Medical Care and General Conditions of Confinement

The Court has carefully considered the facts as alleged by the Plaintiff in the omnibus hearing and in his pleadings in conjunction with the applicable constitutional and federal law. In order to receive a money judgment against Defendant Epps or Defendant GT Enterprises because of prison conditions, Plaintiff must show actual

injuries and a deliberate intent to harm on the part of Defendants. Plaintiff has failed to do so in this case.

Plaintiff has not shown that he has suffered from any serious health problems due to the actions of these Defendants or due to the medical care he received while housed at SMCI. He received surgery for his foot. When it became infected, he was given antibiotics, and the infection healed. He simply was not pleased with the care. He has not suffered from any serious health threat as a result of his incarceration. Plaintiff even states in his Complaint that Defendant Epps has been medically "negligent." In this case, all of the prison officials' actions were at most negligent or careless. 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 414 U.S. 344 (1986)

Plaintiff's allegations regarding the conditions of his confinement, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." Whitley v. Albers, 475 U.S. 312, 319 (1985) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987). In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th

Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id*. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id*.; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. Wilson v. Seiter, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304. It is obvious that the SMCI prison officials were not attempting to punish Plaintiff by the medical care they provided him; he simply was not satisfied. Plaintiff has not shown that Defendant Epps was deliberately indifferent to the allegedly harsh conditions under which he is held.

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). Under the circumstances, wherein Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of Defendant Epps, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation. Plaintiff has shown no actual injury; he primarily claimed the fear of becoming ill in the

future due to the medical care provided at the prison. This does not rise to the level of an Eighth Amendment claim.

## **Secondhand Smoke Exposure**

Prisoners do have a constitutional right not to be involuntarily exposed to "unreasonably high levels" of environmental tobacco smoke (ETS) or other toxins. Helling v. McKinney, 509 U.S. 25 (1993). The Fifth Circuit has recognized potential environmental tobacco smoke claims where exposure to tobacco smoke was severe and sustained, such as when the plaintiff shared living quarters with a smoker or was required to work in a smoke-filled environment. Whitley v. Hunt, 158 F.3d 882, 887-88 (5th Cir.1998); Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir.1997). A two-prong test is used to determine whether ETS exposure violates a prisoner's Eighth Amendment rights. He must: (1) prove he is "being exposed to unreasonably high levels of ETS;" and (2) show prison officials demonstrated "deliberate indifference" to his plight. Helling, 509 U.S. at 35-36. Deliberate indifference requires a finding of "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff's testimony only included vague, speculative, and conclusory allegations regarding his exposure to the smoke; these do not sufficiently prove a claim for the excessive exposure to environmental tobacco smoke. See Helling, 509 U.S. at 35-36. He has not shown that the deprivations complained of were sufficiently serious; but, even had he done so, he has not alleged that the MDOC administration or Defendant Epps was deliberately indifferent to his plight. In Plaintiff's case, he testified that the

8

warden had placed signs around the prison warning prisoners not to smoke. Yet, his cellmate smoked, as well as other inmates. Plaintiff did not testify that he had requested to be moved or that his health was affected by the level of smoke to which he was exposed. Plaintiff also conceded that he had not exhausted his administrative remedies regarding this issue. This is a sufficient basis for dismissal, as the ADR process could be an effective tool to help Plaintiff resolve his issues regarding the smoke to which he is exposed.

The Court finds that Plaintiff's claims regarding his exposure to smoke do not state a constitutional claim against Defendant Epps. Furthermore, Plaintiff must complete the ARP program regarding this claim before he can bring an action in this Court regarding smoke exposure.

### Access to Courts

Prisoners clearly have a constitutionally protected right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996), citing Bounds v. Smith, 430 U.S. 817 (1977). However, to prevail on an access-to-courts claims, an actual injury must result from the defendant's unconstitutional conduct. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999), citing Lewis, 518 U.S. 351-54. Plaintiff's allegations regarding the prison's legal assistance program are insufficient to state a claim upon which relief could be granted. He could not specify precisely what he needed, nor could he articulate any prejudice that resulted from the program's failure to assist him. He missed no legal deadlines or hearing. Under the facts as testified to by Plaintiff, these claims against Defendant

9

Epps are clearly frivolous. None of his "legal claims" were hindered by any action of Epps, and Plaintiff has not shown that he suffered an actual injury.

## Supervisory Liability

The Court finds that, taking everything Plaintiff has stated as true, he has still not set forth a constitutional claim upon which relief could be granted. Even if a constitutional violation has been stated, there could be no liability on the part of Defendant Epps. The only two remaining Defendants are Christopher Epps, the Commissioner of the Mississippi Department of Corrections, and GT Enterprises, Inc., the private company which provides the canteen services at SMCI. Plaintiff has never discussed the issues complained of herein with Defendant Epps, nor does Plaintiff contend that Defendant Epps personally had anything to do with Plaintiff's complaints regarding his medical care, his access to the courts, or his exposure to smoke. There are insufficient facts stated by Plaintiff to sustain a claim of supervisory liability against Defendant Epps under section 1983.

There is no liability under section 1983 under a theory of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 691-95 (1978). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. Ashcroft v. IQBAL, et al, 129 S.Ct. 1937, 1948 (2009), citing Monell, 436 U.S. at 691. Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents. *Id.* at

1948-49.  Absent vicarious liability, each Government official is liable for his or her own misconduct.  *Id.*

Fifth Circuit precedent requires either **personal involvement by an individual Defendant** in the alleged violation, or the **enforcement of some policy or practice resulting in the constitutional deprivation.**  Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999); Stewart v. Murphy, 174 F.3d 530, 536-37 (5th Cir. 1999); Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1999).  To maintain a § 1983 action, Plaintiff must prove that Defendant Epps was personally involved in the actions he complains of, or was responsible for the policy or custom giving rise to the constitutional deprivation.  McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989).  Plaintiff herein makes no such allegations.

Plaintiff's case is not based on Commissioner Epps' personal involvement or his enforcement of a policy.  There is no policy at SMCI that prisoners be exposed to secondhand smoke; that medical care or the legal assistance program be inadequate; or, that conditions of confinement be unsanitary.  The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity.  For these reasons, the Complaint must be dismissed in its entirety against Defendant Epps.

### Claims Against Defendant GT Enterprises of MS, Inc.

GT Enterprises of MS, Inc., is the private company which contracts with MDOC to provide the canteen services at SMCI.  Private action may be deemed state action under Section 1983 only when the challenged conduct may be "fairly attributable to the

state." Lugar v. Edmondson Oil Co.,457 U.S. 922, 937 (1982). It is doubtful that there is a sufficient connection between GT and the State for GT to be a "state actor" in order for liability to be imposed under 42 U.S.C. § 1983. Even so, Plaintiff has simply not plead a claim against GT Enterprises upon which relief could be granted. This is true even when Plaintiff was given an opportunity to expand upon his claims by his testimony at the omnibus hearing.

Plaintiff complains that the canteen sells cigarettes; this action does not violate Plaintiff's constitutional rights. Plaintiff complains that he is charged a $5 fee when the canteen delivers the wrong items; this does not violate Plaintiff's constitutional rights. In order to state a cause of action under 42 U.S.C. §1983, a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. Irving v. Thigpen, 732 F.2d 1215, 1216 (5th Cir. 1984) (*citing* 28 U.S.C. §2254(a) (1982)); Baker v. McCollan, 443 U.S. 137 (1979). In the event there is no constitutional right, the plaintiff's complaint fails. Irving, 732 F.2d at 1216 (*citing* Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983)). For this reason, his Complaint is frivolous as to GT Enterprises of MS, Inc., and fails to state a claim on which relief may be granted under 28 U.S.C. 1915(e)(2)(B). Defendant GT shall be dismissed from this lawsuit.

## V. Conclusion

The Court does hereby find that "Defendant, Christopher Epps' Motion to Dismiss or in the Alternative, for Summary Judgment" [#45] is well advised, and it is HEREBY GRANTED. There are no material facts in dispute as to this Defendant, and a constitutional violation cannot be established under the facts as asserted by Plaintiff.

The Court also finds that a constitutional claim has not been established against Defendant "GT Enterprises, Inc.," and the Complaint is dismissed against it pursuant to 42 U.S.C. § 1915. Final Judgment in favor of all Defendants shall be entered on this date, and the Complaint is dismissed with prejudice.

IT IS SO ORDERED, this the 30th day of March, 2010.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE